```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                    :
BETTY BEAM
                                    :

     v.                             :  Civil Action No. DKC 2006-2080

                                    :
HYUNDAI MOTOR FINANCE
  COMPANY                           :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer debt action is the motion of Defendant Hyundai Motor Finance Corporation to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and for failure to plead fraud with particularity pursuant to Fed.R.Civ.P. 9(b). (Paper 4). The issues are briefed fully and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion to dismiss will be granted, and Plaintiff Betty Beam's complaint will be dismissed.

**I. Background**

Plaintiff's complaint contains very few factual allegations, and the nature of the dispute giving rise to this case is not entirely clear. It appears that this case concerns financing for the purchase of a vehicle, and the circumstances surrounding the subsequent repossession of that vehicle. The parties agree that Plaintiff purchased a Hyundai Santa Fe from College Park Hyundai on

October 8, 2005.[1]  Defendant explains that College Park Hyundai is an independent business with no common ownership to Defendant. Defendant also states that it provided the financing for Plaintiff's purchase of the vehicle from College Park Hyundai. Plaintiff has not alleged that she obtained any financing from Defendant.

Plaintiff's brief in opposition to the motion to dismiss contains a statement of facts that provides some insight into the factual basis for Plaintiff's claims.  Plaintiff states:

> On October 8,2005 purchase of a Hyundai Santa Fe motor vehicle from college Park Hyundai. Plaintiff requested a copy of sign contract with both parties signatures for record, at which time the dealer of the purchase told me that the promissory note was sold.  Their inability to fulfill the request prompt Plaintiff to audit loan documents at which time sent a notice pursuant to FDCPA, Title 15 U.S.C. 1692g sect 809(b), Dispute of purported Debt and to Cease and Desist Collection activities prior to validation of Debt.  Any collateral attack on this agreement/ contract is in Bad Faith and is an attempt to violate the U.S. Constitution, Article 1,section 10, 12CFR229.21.
>
> HYUNDAI MOTOR FINANCE COMPANY, and it's agents is not the Holder in Due Course. Plaintiff promissory note was deposited into said customer transaction account, creating a new liability and recording this note as a asset also of the Defendant's, and then issued a check drawn on the customer transaction that contained the new credit, there by zero

---

[1] Plaintiff did not make any factual allegations regarding this transaction in the complaint, but both parties have acknowledged this purchase in their respective briefs.

> balancing the ledger on the Plaintiff customer transaction account.
>
> 1.  Pursuant to Generally Accepted Accounting Principles (GAAP), Plaintiffs
> 2.  Should now be paid for their promissory note when endorsed pay to the order without recourse.  Plaintiff are no longer liable for additional charges pursuant (GAAP).
> 3. Defendants sold promissory note to a third party, while coercing payment from Plaintiff that were not due or owed.
> 4.  Defendants have never made a claim or signed a demand for claim under Penalty of perjury,true,correct, complete and not misleading.
> . . . .

(Paper 9, at 2-3 (original spelling and grammar retained)).

Plaintiff filed her complaint in this case on August 10, 2006, asserting claims for breach of contract, fraud, and violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*, and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*

**II.  Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534

U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III. Breach of Contract (Count I)**

Defendant moves to dismiss Plaintiff's breach of contract claim, arguing that Plaintiff has not identified any contractual relationship with Defendant, and has not alleged any facts that could support a conclusion that Defendant breached any term of any alleged contract. The Court of Appeals of Maryland has explained the two requirements for a breach of contract claim:

> To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation. . . . It is not necessary that the plaintiff prove damages resulting from the breach, for it is well settled that where a breach of contract occurs, one may recover nominal damages even though he has failed to prove actual damages.

*Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001) (citing, among other cases, *Continental Masonry Co., Inc. v. Verdel Const. Co., Inc.*, 279 Md. 476, 480 (1977)).

Plaintiff's allegations with respect to count I of the complaint, her breach of contract claim, are as follows:

> Under the Truth in lending Act, Defendant failed to disclose assessment of Credit transaction, shall be conveyed to the consumer 15 U.S.C.A. section et seq.
>
> Blatantly ignoring the Fair Debt Collection Practices Act.
>
> Their inability to validate the alleged debt within the time set certain of 60 days.
>
> The validation of debt is to be as follows:
>
> Name and holder in due course of alleged debt.
>
> A notice sent pursuant to the FDCPA, Title 15 U.S.C. 1692(g) section 809(b) that your claim is disputed and validation is requested.

(Paper 1, at 2 ¶¶ 4-9). These claims do not allege any facts regarding any contract or breach of contract, but instead appear to be an attempt to allege violations under the TILA and the FDCPA. Under count IV, which alleges a TILA violation, Plaintiff mentions

5

a promissory note, but does not identify any facts relating to Defendant: "Pursuant to Generally Accepted Accounting Principles (GAAP) Plaintiff should now be paid for their promissory note." (Paper 1, at 4 ¶ 20).  Plaintiff's complaint contains no factual allegations, even if liberally construed and read in the light most favorable to Plaintiff, that could support either of the elements required to state a breach of contract claim.  Nor has Plaintiff pointed to additional available facts that could state a claim if leave to amend were granted.

**IV.  Fraud (Count II)**

Defendant also moves to dismiss Plaintiff's fraud allegations, in count II of the complaint, for failure to plead the elements of fraud and for failure to plead fraud with particularity pursuant to Fed.R.Civ.P. 9(b).

Under Maryland law, a claim of fraud may allege either an affirmative misrepresentation or concealment of material facts.

> To prove an action for civil fraud based on affirmative misrepresentation, the plaintiff must show that (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

*Hoffman v. Stamper*, 385 Md. 1, 28 (2005).  In order to state a claim for fraud through suppression of the truth, a plaintiff must allege that:

> "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment."

*Id.* n.12 (quoting *Green v. H & R Block, Inc.*, 355 Md. 488, 525 (1999)).

Allegations of fraud are also subject to a heightened pleading requirement.  Fed.R.Civ.P. 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  The circumstances of an alleged fraud that must be pled pursuant to this provision "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'"  *Superior Bank, F.S.B. v. Tandem Nat'l Mortgage, Inc.*, 197 F.Supp.2d 298, 313-14 (D.Md. 2000) (quoting *Windsor Assocs. v. Greenfeld*, 564 F.Supp. 273, 280 (D.Md. 1983)).  "The purpose of this rule is to provide the defendant fair notice of the basis of plaintiff's claim and to protect defendant's reputation from groundless accusation of fraud incited by the possibility of an *in terrorem* increment in the

7

settlement value of a lawsuit." *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F.Supp.2d 785, 798 (D.Md. 2002)(internal quotation marks omitted).

Plaintiff's allegations in count II of the complaint, rather than alleging any fraud, appear to be a continuation of the summary of the requirements of debt validation under FDCPA that began in count I of the complaint.  Count II of the complaint, in its entirety, states:

> Copy of the original signature for each item listed on the account statments; contracts and all amendments.
>
> Failure to provide the verification is a penalty of FCRA section 611(a)(1) and section 605(c).
>
>
> +Wherefore Plaintiff demands judgment for damages against Defendant in amount of Fifty Thousand Dollars (50,000.00) plus interest, filing fees and other court costs.

(Paper 1, at 3).  Plaintiff also states that "based upon my investigations of documents, I discovered the Dealer and Finance company were involved in various elements of Bad Faith, Undue Enrichment, Entrapment, Nondisclosure and TILA violations, Unfair Deceptive Practices and Fair Debt Collection Practice Act." Plaintiff's complaint does not identify any allegedly fraudulent statement or circumstances giving rise to a duty of Defendant to disclose a material fact.  Plaintiff has failed to plead with particularity the time, place, speaker, and contents of any alleged

8

false statement, as required to plead the circumstances constituting fraud with particularity pursuant to Fed.R.Civ.P. 9(b). Accordingly, Plaintiff's fraud claim will be dismissed.

**V.   FDCPA (Count III)**

Defendant argues that Plaintiff's FDCPA claim should be dismissed because Plaintiff has not alleged facts that could support an inference that Defendant was a "debt collector" subject to the FDCPA, as defined in the statute.  Defendant asserts that it was a creditor of Plaintiff and thus is statutorily exempt from the FDCPA.  The provisions of the FDCPA apply to any "debt collector" defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.  The term does not include--
>
> . . . .
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such

9

>    activity (i) is incidental to a bona fide
>    fiduciary obligation or a bona fide escrow
>    arrangement; (ii) concerns a debt which was
>    originated by such person; (iii) concerns a
>    debt which was not in default at the time it
>    was obtained by such person; or (iv) concerns
>    a debt obtained by such person as a secured
>    party in a commercial credit transaction
>    involving the creditor.

15 U.S.C. § 1692a(6). Among other things, the FDCPA provides that, within thirty days of receiving notice that must be provided by a debt collector upon contacting a debtor, the debtor may provide notice to the debt collector contesting the validity of a debt. See 15 U.S.C. § 1692g(b). If notice that the debtor contests the debt is properly provided, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." *Id.* A violation of the FDCPA gives rise to a civil action for actual damages plus additional damages of up to $1,000 in the case of an individual plaintiff. 15 U.S.C. § 1692k(a).

Count III of the complaint contains the following allegations:

>    Plaintiff repeats and realleges paragraphs 1
>    though 13.
>
>    Any collateral attack on this
>    agreement/contract is in Bad faith and is an
>    attempt to violation the U.S. Constitution,
>    Article 1 section 10.
>
>    Defendant reposed vehicle while a dispute was
>    in place, violation (F.D.C.P.A.), Title 15
>    U.S.C. 1692g section 809(b), causing a
>    commercial injury.

(Paper 1, at 3).  In count I, Plaintiff alleges that "[a] notice sent pursuant to the FDCPA, Title 15 U.S.C. 1692g section 809(b) that your claim is disputed and validation is requested."  (Paper 1, at 2 ¶ 9).  Thus, it appears that Plaintiff alleges that Defendant repossessed her Hyundai Santa Fe after she had provided notice that she contested the debt Defendant sought to collect. Plaintiff has not alleged, however, that Defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Because such an allegation is necessary to state a claim under the FDCPA, Plaintiff's complaint will be dismissed.

Defendant argues that count III should be dismissed also because Defendant states that it provided the financing for Plaintiff's purchase of the vehicle and thus was a creditor of Plaintiff.  (Paper 4, at 1).  Plaintiff has not alleged or acknowledged that Defendant provided her with any financing. Indeed, Plaintiff appears to argue in opposition to Defendant's motion to dismiss that Defendant sought to collect an invalid debt on behalf of some third-party purchaser of Plaintiff's promissory note.  Even under these facts, Defendant would be exempt from a claim under the FDCPA as the originator of the loan, if its allegation that it originated the loan is correct.  On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), however, Defendant's allegations of fact must be disregarded.  *See A.S. Abell Co. v.*

11

*Chell*, 412 F.2d at 715. Defendant has not provided any admissible evidence in support of its assertion that would allow its motion to be converted to a motion for summary judgment. It does not appear, however, that Plaintiff has alluded to any additional facts that would permit her to state a claim for relief.

**VI.  TILA (Count IV)**

Defendant moves to dismiss Plaintiff's TILA claim because Plaintiff has not alleged that she engaged in any credit transaction with Defendant and has failed to allege any specific disclosures that were missing from any loan documents. "The TILA requires a creditor to disclose to a borrower 'certain material terms clearly and conspicuously in writing, in a form that [Plaintiff] may examine and retain for reference.' *Staley v. Americorp Credit Corp.*, 164 F.Supp.2d 578, 582 (D.Md. 2001) (quoting *In re Ralls*, 230 B.R. 508, 515 (Bankr.E.D.Pa. 1999)). Although a Plaintiff need not specify the particular statutory requirement that a Defendant has allegedly violated, she must specify the facts relating to a missing disclosure or other TILA violation in order to state a claim under that statute. *See id.* at 582-84 (holding that a plaintiff adequately stated a TILA claim by identifying the manner in which the loan terms allegedly were not properly reflected in disclosures and specifying the disclosures that were allegedly absent).

Count IV of the complaint contains the following allegations:

> Plaintiff repeats and realleges paragraphs 1 through 16.
>
> Defendant violated 15 USCA section 1601 et seq.
>
> Title 12 Banks and banking Chapter 2 subchapter 2, 4 subsection 83, and USC title 15 1692(f) subsection 6.
>
> Pursuant to Generally Accepted Accounting Principles (GAAP) Plaintiff should now be paid for their promissory note.
>
> Plaintiff is no longer liable for additional charges pursuant (GAAP).
>
> Defendant; has never made a claim or singed a demand for claim under penalty,true,correct, complete and not misleading.

(Paper 1, at 4 ¶¶ 17-22). It is not clear how these allegations relate to the TILA. Plaintiff alleges in count I of the complaint that "Defendant failed to disclose assessment of credit transaction, shall be conveyed to the consumer 15 U.S.C.A. section et seq." (Paper 1, at 2). This allegation suggests that Plaintiff believes that some lending disclosure required by the TILA was not provided to her, but Plaintiff stops short of alleging that Defendant made a consumer loan to her or alleging specific facts regarding any notice that Defendant failed to provide. Accordingly, Plaintiff's TILA claim will be dismissed.

**VII. Conclusion**

Defendant's motion challenged Plaintiff to explain the factual basis for her claims. Even if Plaintiff included the allegations

13

set forth in her opposition to the motion to dismiss, she would still fail to state a claim. For the foregoing reasons, Defendant's motion to dismiss will be granted. A separate Order will follow.

```
                                  /s/
                        DEBORAH K. CHASANOW
                        United States District Judge
```